UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 09-162-B-W |
| | ) |
| GOVERNOR, ME, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON CIVIL COMPLAINT**

Randall Hofland filed this action naming Governor John Baldacci and the Maine State Bar Association and its members as defendants.[1] In an earlier order in this action I granted Hofland leave to proceed in forma pauperis. I now recommend that the Court dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) because it both fails to state a claim against the defendants and it is frivolous.

*Procedural background*

This is one of a series of cases that Hofland has filed in this Court since April 24, 2009. In this case and three others, see Hofland v. Thompson, Civ. No. 09-174-B-W, Hofland v. Ross, et al., Civ. No. 09-173-B-W, Hofland v. LaHaye et al., Civ. No. 09-172-JAW, I have entered a procedural order that placed Hofland "on notice that repeated filings could result in the imposition of filing restrictions under Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993)." Hofland v. LaHaye, Civil Nos. 9-172-B-W, 9-174-B-W, 9-162-B-W, 9-173-B-W, 2009 WL 1259139, 2 (D.Me. May, 6, 2009). I cautioned, "if Hofland persists in filing motions such as this ex parte request for attachment or other frivolous filings that have no legal basis, the

---

[1] Hofland indicates that the members of the Maine State Bar Association he particularly targets are "those criminal trial lawyers." (Am. Compl. at 2.)

Court may order that he can file no pleading without first obtaining written approval from a judge." Id.[2]

On May 21, 2009, Hofland filed a motion to stay this case (Doc. No. 8) along with the other cases identified in my procedural order except Hofland v. Thompson, Civ. No. 09-174-B-W. With respect to this request, I entered an order on May 22, 2009, providing:

> plaintiff chose to file this lawsuit and it will proceed in accordance with the rules of procedure. If plaintiff wants to voluntarily dismiss the lawsuit without prejudice and before he is charged the filing fee against his prison account, he shall so notify the court by June 1, 2009, otherwise the matter will proceed to initial screening.

(Doc. No. 9.) On May 26, 2009, Hofland filed a "Motion for 90 Day Stay of Proceedings." (Doc. No. 10.) Therein he indicates that he anticipates a hearing on June 26, 2009, in his state criminal case which will address, among other things, Hofland's motion to dismiss. On May 27, 2009, I entered an order denying that motion to stay, indicating that this case would proceed to initial screening. June 1, 2009, has now passed and Hofland has not requested a voluntary dismissal of this action.

### *28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) Screening*

In his amended complaint against these defendants, Hofland summarizes: "Maine State Bar Ass. Members are willfully negligent in their duties as attorneys, thereby defrauding defendants. Furthermore, law enforcement officials are deliberately skewing the 'justice system.' Finally, State of Maine is thieving and extorting those arrested, and this is a very deliberate effort to 'fleece' inmates." (Am. Compl. at 3.) With respect to relief, Hofland

---

[2] In Hofland v. Perkins, et al., Civ. No. 09-201-B-W, I have entered a recommendation that the case be dismissed for lack of jurisdiction. And in Hofland's most recent complaint, Hofland v. Westrum, et al., Civ. No. 09-218-B-W, I issued a recommendation that that complaint be summarily dismissed because the "'new' complaint fail[ed] to state a claim against most of the individuals named as defendants, [was] not accompanied by a filing fee or proper motion, and [was] duplicative of matters already on file with this court." (Civ. No. 09-218-B-W, Doc. No. 3.)

envisions this Court ordering the disgorgement of all profits, awarding treble damages and costs, requiring the State to revise its statutes and its law enforcement practices, remedying flaws in the 'public defender' system, implementing an independent review of the 'justice system,' and preventing illicit and malicious prosecutions.  (Id.)

Hofland's amended complaint references his original complaint which lists Hofland's contentions about abuses and flaws in the state's criminal justice system including assertions that police traffic safety checks are a ruses for illegal searches and seizures; law enforcement make arrests for alcohol related crimes and do not collect exculpatory evidence of high levels of intoxication (a deficiency that impacts the plea bargaining and the effectiveness of defense counsel);  the state's system for appointing private attorneys to criminal cases at a reduced rate translates into a defense that is handled by attorneys with little incentive to help their clients; the system for inmate telephone use and commissary is a form of extortion; and the provision of medical care to inmates is substandard.  (Compl. Doc. No. 1 at 2-5.)

Applying the United States Supreme Court's  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009) to these allegations I conclude that this complaint should be dismissed for failure to state a claim.  In Iqbal the court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129 S. Ct. at 1949.  It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 , 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id.  (quoting Twombly, 550 U.S., at

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Under Iqbal to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly, 440 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557 (brackets omitted).

129 S.Ct. at 1949. The Iqbal majority expanded:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. … Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. … But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949 -50 (internal citation omitted).

First, with respect to the Governor's potential liability, there are no facts alleged in Hofland's complaint that through his "own individual actions" he has "violated the Constitution." Iqbal, 129 U.S. at 1948. He cannot, therefore, be held liable in his individual

capacity. He can also not be held liable for damages in his official capacity as the Governor because the State of Maine is protected from such claims by the doctrine of sovereign immunity. Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002) ("As a general matter, the Eleventh Amendment bars suits in federal courts against unconsenting states (including "official capacity" suits against state hierarchs). De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 121 (1st Cir.1991) (collecting cases)."). I am confident that on the allegations of this complaint Hofland has not pled a plausible basis to invoke the Ex Parte Young, 209 U.S. 123 (1908) standard apropos his claims for prospective relief. Compare Rosie D. ex rel. John D, 310 F.3d at 234- 38.[3] All it "tenders" are "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

With respect to the Maine State Bar Association and its members, the claims by Hofland are equally frivolous. For one, there are no facts pled to support a claim that the association or its members are state actors for purposes of the claims presented by Hofland. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quotations and citations omitted). Hofland acknowledges that the defense bar in Maine when it comes to court appointed work is entirely private and the Supreme Court has concluded that even "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). I further note that Hofland has failed to allege by name a

---

[3] In reaching this conclusion I am not suggesting that with the right facts and legal basis a plaintiff could not seek prospective relief in this Court regarding an aspect the State's law enforcement or criminal justice system. But Hofland's allegations are no more than generalized and conclusory rants about several facets of the criminal justice system. For instances, there are no facts that set forth a pattern of illegal searches and seizure during safety checks or that even hint that Hofland would have standing to bring such a challenge.

particular member of the criminal defense bar or a member of the Maine Bar Association that had anything to do with the actions he claims are violating his Constitutional rights.

Under Twombly 's and Iqbal's  Rule 8 parameters I conclude that Hofland's complaint against these defendants "has not 'nudged [his] claims' … 'across the line from conceivable to plausible.'"  Iqbal, 129 S. Ct. at 1951 (quoting Twombly, 550 U.S. at 570); see also Walton v. Walker, Civil No. 08-cv-486-MJR, 2009 WL 1470409, 2 -4 (S.D.Ill. May 27,  2009) (applying Iqbal, -- noting, "In the reality as this Court knows it, Plaintiff's claims are as fantastic as those concerning little green men."—and dismissing claims).

### *Conclusion*

For the reasons above, I recommend that pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) the Court dismiss this action with prejudice because it fails to state a claim against the defendants and it is frivolous.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 2, 2009